IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NORVEL ANDREW**      **MOVANT**

**v.**      **No. 2:10CR4-SA-DAS**

**UNITED STATES OF AMERICA**      **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Norvel Andrew to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion; Mr. Andrew has replied, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2255**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

>1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture**

On January 14, 2010, a federal grand jury in the Northern District of Mississippi named Norvel Andrew in five counts of a seven-count Indictment. (Doc. 87). Count 1 of the Indictment

charged Andrew conspired to steal firearms from a business licensed to engage in the business of dealing firearms, in violation of 18 U.S.C. § 922(u). Doc. 87. Count 4 of the Indictment charged him with, "having been convicted of felonies, that is, crimes punishable by terms of imprisonment exceeding one year, that is, aggravated assault in Cause No. 23,992 and aggravated assault in Cause No. 23,844, both in the Circuit Court of Washington County, Mississippi, knowingly, did possess one or more firearms, which had previously been transported in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2)." Doc. 87.

Andrew pled guilty to Counts 1 and 4 on September 19, 2011. Doc. 87. The District Court sentenced him to a term of 180 months, consisting of consecutive terms of 60 months for Count 1 of the Indictment and 120 months for Count 4 of the Indictment. Doc. 87.

The United States Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), on June 21, 2019. Andrew filed the instant motion to vacate on August 18, 2019, in which he presents the following claim: His conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) should be set aside under the holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Doc. 87.[1]

## Discussion

Mr. Andrew argues that his conviction should be set aside in light of the Supreme Court's decision in *Rehaif*, which, he believes, retroactively renders his plea unintelligent and involuntary. He argues that, during his plea colloquy, the court recited incorrect elements regarding his § 922(g)(1)

---

[1] *Rehaif* applies retroactively because it narrows the "class of persons that [§ 922(g)] punishes." *Welsh v. United States*, 136 S.Ct. 1257, 1267 (2016).

conviction on Count Four of the Indictment. He contends that he did not know that his status as a felon and qualifying felonies barred him from possessing a firearm – and this lack of knowledge precludes his conviction under § 922(g)(1). These claims are without substantive merit.

### The Holding in *Rehaif*

*Rehaif* holds "that in prosecution under 18 U.S.C. [§] 922(g), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of people barred from possessing a firearm." *Id*. at 2194. As discussed below, it does not require that, to sustain a conviction under 18 U.S.C. § 922(g)(1), the government must prove that a convicted felon knew that he could not possess a firearm. Instead § 922(g)(1) requires only that the government prove that the defendant is *aware he is a felon* (that he has previously been convicted of an offense for which he could have been sentenced to a term of incarceration exceeding one year) – and aware that he possesses a firearm.

Under 18 U.S.C. § 922(g), it is "unlawful for any person" who falls within one of nine enumerated categories to "possess in or affecting commerce any firearm or ammunition." Section 924(a)(2) sets out the penalties applicable to "whoever knowingly violates" Section 922(g). Before June 2019, every court of appeals to have considered the issue had determined that the knowledge requirement in Section 924(a)(2) applied only to the defendant's possession of a firearm or ammunition, not to his restricted status. But in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court held that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of a Section 922(g) offense. Although Rehaif was an alien unlawfully present in the United States, who possessed a firearm and ammunition in violation of § 922(g)(5)(A), the Court's decision affects all Section 922(g) categories, including felons under Section 922(g)(1).

**The Record Reflects Sufficient Factual Basis for the Plea**

Mr. Andrew argues that in light of the Supreme Court's decision in *Rehaif*, there is an insufficient basis to support his guilty plea. Doc. 111. He argues that the court misstated the elements of his charge during his guilty plea colloquy, resulting in an unintelligent and involuntary plea. Doc. 111. He argues that he was misinformed, causing him to believe that knowing possession of a firearm, alone, was sufficient to establish a § 922(g) violation, when the law also required knowledge of his status as a felon. Doc. 111.

Andrew further argues that he was not aware of his status as a convicted felon, which *Rehaif* held to be an element of his offense; he thus argues that he is actually innocent of the crime to which he plead guilty. Doc. 111. This assertion is squarely contradicted in the record – and flies in the face of common sense.

When reviewing a claim that there is an insufficient factual basis to sustain a plea of guilty on plain-error review, the court may "scan the entire record for facts supporting [the] conviction." *United States v. Denson*, 774 F. App'x 184, 185 (5th Cir. 2019) (*quoting United States v. Ortiz*, 927 F.3d 868, 872–73 (5th Cir. 2019)); *see also United States v. Trejo*, 619 F.3d 308, 313 (5th Cir. 2010). The court may thus review the Presentence Investigation Report ("PSR") for such facts.

Norvel Andrew's knowledge of his status as a felon is clearly established by his imprisonment of more than one year on three aggravated assault convictions. In *United States v. Walking Bull*, a district court determined that the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year and that this constitutes knowledge that he may not possess a firearm, in accordance with *Rehaif*. *United States v. Walking Bull*, 2019 WL 4256385, at *2 (D.S.D. Sep. 9, 2019).

Norvel Andrew was sentenced to concurrent terms of 10 and 20 years imprisonment for aggravated assault and aggravated assault with a deadly weapon. PSR, pp. 9-10. He served *twelve years* in jail. Indeed, he committed the offenses in the indictment a mere *nine weeks* after his release from his twelve-year incarceration. PSR, pp. 3-4, 9-10. His assertion that he had no knowledge of his status as a felon is absurd.

In *United States v. Bowens,* the Sixth Circuit held that, in a prosecution under § 922(g)(3), the Government must prove that defendants knew they were unlawful users of a controlled substance, not that they knew unlawful users of controlled substances were prohibited from possessing firearms under federal law. *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). Put simply, *Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code. Instead, *Rehaif* stands for the commonsense proposition that, to convict a defendant for engaging in conduct prohibited for persons in a certain class, the government must prove the defendant is aware that he is a member of that class. *Id*. Applying the court's decision in *Walking Bull* and *Bowens*, Andrew's 12-year incarceration serves as the basis for his knowledge that he is a felon.[2]

Such knowledge can be inferred from a sentence coupled with failure to assert lack of that knowledge. Though a factual basis and plea documents may not state affirmatively a defendant knew he was a convicted felon, "the record as a whole establishes that he had such knowledge." *United States v. Johnson*, 781 F. App'x 370, 371 (5th Cir. 2019). The PSR in

---

[2] Due to the complexities of immigration law, it is conceivable that a defendant such as Mr. Rehaif could be mistaken about the legality of his presence in the United States. It is difficult to imagine a situation, however, where someone is unaware that he has been convicted of a felony.

*Johnson* stated that Johnson had served four years in prison on two felony convictions before committing the crime of conviction. *Id*.

Mr. Andrew signed the plea agreement. The first page of the agreement states that he agreed to plead guilty to Count Four and explains that count, restating from the Indictment: "the defendant, having been convicted of felonies, that is crimes punishable by terms of imprisonment exceeding one year, did knowingly possess one or more firearms, which firearms had previously been transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924." Doc. 60.

During the guilty plea the court announced the proceedings and asked Andrew:

THE COURT: Mr. Andrew, I understand that you're here to enter a plea to two counts, Count 1 being conspiracy to steal firearms and Count 4, possession of a firearm by a convicted felon. Is that your intent, to enter a plea to each of those counts this afternoon?

THE DEFENDANT: Yes, ma'am.

Doc. 112, p. 2.

The PSR, to which Mr. Andrew lodged no objection, twice described the offense as possession of a firearm by a convicted felon. PSR, p. 1, ¶¶ 4, and Addendum. The PSR also described Andrew as being convicted of aggravated assault and sentenced to a 20-year term of incarceration, for which he served from September 1994 through April 2006; PSR, ¶ 36, aggravated assault and sentenced to a 10-year term of incarceration, for which he served from September 1994 through April 2006 in custody, concurrent with the previous aggravated assault; PSR, ¶ 38, and aggravated assault and sentenced to a time served sentence, but given credit for 724 days spent in jail in August 2009, after he was arrested in February 2008. PSR, ¶ 53. He was also sentenced to an 8-year term of incarceration for burglary in October 2010. PSR, ¶ 57.

At sentencing the court asked Andrew if he recalled pleading guilty to "possession of a firearm by a convicted felon. Doc. 104, p. 2. His attorney explained to the court at sentencing that "two of his felony convictions occurred when [Andrew] was approximately 16 years old." Doc. 104, p. 4. After the court pronounced Andrew's sentence, it asked, "Do you understand the sentence that has been imposed?" Andrew replied, "Yes, ma'am." Then the court asked, "Do you have any questions?" Andrew shook his head negatively. Doc. 104 at10.

Mr. Andrews' assertion that he was unaware that he was a convicted felon is beyond belief. Nonetheless, these four tangible events and documents prove his knowledge that he had been convicted of crimes for which the penalty exceeded one year. In addition, Andrew's admission to the truthfulness of the factual resume – and his lengthy incarceration – provide a sufficient factual basis for the court to conclude that he knew he was a felon. *See Ortiz*, 927 F.3d at 874 (considering the factual resume and the PSR to determine that an element is sufficiently established). As the record establishes all of the elements of the offense, Mr. Andrew's motion under 28 U.S.C. § 2255 will be denied.

## Conclusion

In sum, the Movant's claims are wholly without merit, and the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of April, 2022.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE