IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NORVEL ANDREW**                                                                                     **MOVANT**

**v.**                                    **No. 2:10CR4-SA-DAS**

**UNITED STATES OF AMERICA**                                      **RESPONDENT**

**ORDER *DISMISSING* DEFENDANT'S MOTIONS [149], [155]
TO RECEIVE CREDIT FOR TIME SERVED; *DENYING* DEFENDANT'S
MOTION [152] FOR COPIES AT GOVERNMENT EXPENSE**

This matter comes before the court on the defendant's Motions [149], [155] to receive credit for time served and his motion [152] for copies at government expense. The defendant is entitled to no relief as to these requests.

First, as to the defendant's request for credit for time served, he has not alleged that he exhausted his remedies with the United States Bureau of Prisons before seeking relief in this court. Title 18 U.S.C. § 3585(b) governs computation of credit for time served. Section 3585(b) "does not authorize a ... court to compute credit for time spent in official detention at sentencing, but [rather,] credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing." *United States v. Dowling,* 962 F.2d 390, 393 (5th Cir.1992) (citing *United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992)). If a prisoner feels he has been improperly refused credit for time he has served in state custody, he must first "seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only *then* pursue judicial review of these computations." *Id.* (citing *Wilson,* 503 U.S. at 335, 112 S.Ct. 1351; 28 C.F.R. §§ 542.10-542.16 (1990)) (internal citations omitted); *see also Lundy v. Osborn,* 555 F.2d 534, 534-35 (5th Cir.1977) ("[G]rievances of prisoners concerning prison administration should be presented to

the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") The defendant cites no authority and offers no proof that he has exhausted his remedies with the United States Bureau of Prisons before seeking credit for time served. As such, his requests [149], [155] for such credit will be denied.

The defendant also seeks [152] copies of the docket and his plea agreement at government expense. He has not, however, identified any specific need for these documents to collaterally attack his conviction. A prisoner is not entitled to a free copies for the purpose of searching the record for defects in an effort to glean some basis to support an effort to overturn a criminal conviction. *United States v. Herrera*, 474 F.2d 1049 (5th Cir. 1973). There are two factors to consider when reviewing a petitioner's request for copies of the court record: (1) the value of the record to the petitioner in connection with the proceedings for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as the record documents. *See, Tague v. Puckett*, 874 F.2d 1013, 1014 (5th Cir. 1989) *citing, Britt v. North Carolina*, 404 U.S. 226, 227 (1971). In this case, the defendant has not identified a specific need for the documents. As such, the instant motion [152] will be denied without prejudice to his ability to seek the documents again after demonstrating specifically how they would assist during his pursuit of collateral relief.

For the reasons set forth above, the instant motions [149], [152], [155] are **DENIED** without prejudice.

**SO ORDERED**, this, the 25th day of September, 2024.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE